UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kalljoich Antonio

Write the full name of each plaintiff.

-against-

Neighborhood Restore Housing Development Fund Corporation

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

19 CV 11084

____CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☒ Yes  ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒ Federal Question

☐ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Due Process 14th Amendment
equal protection
unlawful search & seizure

### B. If you checked Diversity of Citizenship

1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, __Kalitach Antonio__, is a citizen of the State of
        (Plaintiff's name)

__New York__
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, **Neighborhood Restore Housing Development** is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, **Neighborhood Restore Housing Development** is incorporated under the laws of

the State of **New York**

and has its principal place of business in the State of **New York**

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in **150 Broadway**

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

**Kallijach**     **Kim**     **Antonio**
First Name     Middle Initial     Last Name

**1211 Washington Ave**
Street Address

**Bronx**     **NY**     **10456**
County, City     State     Zip Code

**347 595-2127**     **1211WashingtonAve@gmail.com**
Telephone Number     Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: **Neighborhood Restore**
First Name / Last Name

Current Job Title (or other identifying information)
**50 Broadway**
Current Work Address (or other address where defendant may be served)
**New York**     **10031**
County, City    State    Zip Code

Defendant 2: **Sandra Ericson LLC.**
First Name / Last Name

**Person . Owner**
Current Job Title (or other identifying information)
**2 William Street**
Current Work Address (or other address where defendant may be served)
**Bronx**    **NY**    **10455**
County, City    State    Zip Code

Defendant 3: **New York Housing Presvartion Development**
First Name / Last Name
**City Agency**
Current Job Title (or other identifying information)
**100 Gold Street**
Current Work Address (or other address where defendant may be served)

County, City    State    Zip Code

Page 4

Defendant 4:

_____
First Name          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State          Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence: 1211 Washington Ave @gmail.com

Date(s) of occurrence: 11/22/18

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

On 11/22/19 Ms. Antonio was removed from her apartment that she been residing for over 6 years by City Marshall. In the Lower Courts Ms. Antonio was deemed a squatter in a June 03, 2019 decision by Judge Barbato without any evidence introduce to such matter. Tenant occupies a City Sponsored HDFC prior to the building being transfered to Neighborhood Restore for $1 in a Tax delinquent Sale on Sept 5, 2018. On 9/15/19 Ms. Antonio filed bankruptcy to stop such eviction w/o any avail. She was subsequently removed from premises by City Marshall on 11/22/19

Page 5

Several decision made in the Lower Court pending appeal including Judge Barbato Decision on 10/9/19 in which she was bound by Judge Barbato Decision deeming Ms. Antonio as a squatter. Both decision are fixed in order to vacate building to gain its third Party goal without protecting the rights of this tenant Defendant uses promises and deceptive practices against tenant at all times

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

emotional distress, homelessness, deprivation of reasonable accomodation, displacement of long standing community member and her minor child living in apartment.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

Issue a emergency order restraining defendant from further removal of tenant possession and award any further relief deem appropriate to avoid homelessness of working Family with minor child (Enrolled in local community school)

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 11/27/19 | Kall Aun |
| Dated | Plaintiff's Signature |
| Kallitach    Kim | Anton iO |
| First Name    Middle Initial | Last Name |
| 1211 Washington Ave | |
| Street Address | |
| Bronx | NY    10456 |
| County, City | State    Zip Code |
| (347)595-2127 | 1211 Washington Ave |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address        City        State        Zip Code

Telephone Number        E-mail Address

Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

Management and Development, Inc. v. Andrews Avenue Equities, 70 N.Y.2d 831, 523 N.Y.S.2d 441, 517 N.E.2d 1327 (1987). A trial court has wide discretion to grant relief under Code of Civil Procedure Code § 5015 (a)(1) and defaulter provide a meritorious defense "is gloss add to the statue by the courts". Zervos v. Verizon New York, Inc., 252 F.3d 163, 168-169 (2001); (*Barone v. Barone, 54 Misc. 3d 599, 41 N.Y.S 3d 85).*

**The court should grant petitioner's motion for relief pursuant to CPLR § 5015 because she did not present any evidence in this action in time to defend, herself if such evidence was produced in this action the decision or determination would be in favor of Plaintiff**

**E. Motion for Relief From order for newly discovered evidence.** When plaintiff did not fully defend, contest or challenge judgment entered against her in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. ". See Cizler v. Cizler, 19 A.D.2d 819, 243 N.Y.S.2d 614 (1st Dept., 1963). (Code Civ. Proc. § 1505(a)).

**F. Court May Grant Relief on Timely Motion if Petitioner Not at Fault.** On a finding by the court that the notice of entry was made within the one year time period permitted by Code of Civil Procedure Section 1505(a) and her lack of producing evidence in time to defend the action was not caused by her avoidance or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action in a full hearing. See *Woodson v. Mendon Leasing Corp.* (2003).

**G. Granting of Relief Within Discretion of Court.** Whether or not relief should be granted under Code of Civil Procedure Section 1505(a)(1) is a matter within the discretion of the court in light of fact that record did not reflect how trial court determined the award, and petitioner's

entitlement to judgment with respect to claims for fraud and defamation was questionable, in light of lack of detail in complaint. Piatt v. Horsley (4 Dept. 2013) 108 A.D.3d 1188, 970 N.Y.S.2d 155; *Schutzer v. Berger* (1972).

**H. Public Policy Favors Application for Relief.** Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails over the general rule of deference to the trial court's exercise of discretion, and doubts are resolved in favor of the application for relief from fraud or mistake. See (*Crouse v. McVickar* (1912). The public policy of the law is that controversies should be set aside based of error in the admission of evidence See (*Jacobs v. CHOC-LO CO.* (1926) 791 NY. App. 1d 516; *Logan v. Guggenheim, 128 N.E. 903, 230 N.Y. 19.*

**The court should grant Petitioner's motion for relief pursuant to Civil Code § 1505(a) because existence of lease establishing Landlord tenant relationship is whether exclusive control of premises has passed to allege tenant since the death of registered owner Jonathan Dingle.**

**I. Motion for Relief From Order of a matter of law.** In this case the property was obtained by in rem foreclosure by the City and failed to provide petitioner with particularization requirements in an eviction proceeding (See: Valrose Realty Co. v. Dewinger, NYLJ, Feb. 7, 1990, at 23, col. 3; and G.A.D. Enterprises Ltd. v. Gonzalez,supra). In order to satisfy the requirement of stating the facts upon which the proceeding is based, an essential allegation in the notice where alternative pleading is permitted must be an explanation as to why the City does not know Petitioner's status. When service of a summons has not resulted in actual or proper notice to a party in time to defend an action brought by a debt buyer and a default or default judgment has been entered against him or her in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action by demonstration of a meritorious cause of action or defense to the action motion. Bilodeau-Redeye v. Preferred

Mutual Inc.,Co., 38 A.D.3d 1277, 1277, 831 N.Y.S.2d 815, 816 (4th Dep't 2007); (Civ. Code § 1505).

**J. Court May Grant Relief on Timely Motion if Petitioner Demonstrate Excusable Default.**

On a finding by the court that the motion was made within time period(s) permitted by Civ. Code § 1505(a)(2)(A), Civ. Code § 392; Civ. Code § 377, and that petitioner did not present evidence in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, court may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action general excuse that the default was caused by delays occasioned by the ... insurance carrier is insufficient." See Martinez v. D'Alessandro Custom Builders & Demolition, Inc., 52 A.D.3d 786, 787, 861 N.Y.S.2d 737, 738 (2d Dep't 2008); (Civ. Code § 1505).

**K. Court may Consider Evidence Presented to Demonstrate Meritorious Defense.**

Upon Respondent making contact with tenants at the building deeded to them in September 2018, as set forth in the Testimony and Trial, they begin to immediately harass tenants with misrepresentation of their official association and failed to provide a copy of deed to tenant upon several request to show ownership. In deed the registered owner who used to resided at the same apartment in 2012 delivered a unsigned lease to Ms. Antonio, upon pending approval of offering plan by HDFC board members. Jonathan Dingle ask Ms. Antonio if she was interested in buying co-op stocks by purchasing her unit, and she agreed to do so with depositing two-thousand five-hundred dollars in cash on separate occasion to him from February August 2013-November a total of two-thousand-five hundred dollars was paid , and a unsigned lease was delivered to petitioner shortly while residing at apartment 2S at subject property. Jonathan Dingle and Bob Wells former tenant of basement apartment assisted petitioner with moving from apartment 2S into apartment 4N of the subject premises.

The court should grant petitioner's motion to set aside the default and default judgment, if entered on the ground that it is void because, although its invalidity may not appear from an examination of the judgment roll, it is nonetheless void in fact in that the notice to quit served on petitioner were never valid that and in rem foreclosure proceeding were never served on deceased registered owners of 1211 HDFC or his estate.

**L. Statutory Power to Set Aside Void Judgment.** The court may, on motion of either party after notice to the other party, set aside any void judgment or order Jonathan Dingle registered owner, tenant and President of the subject premises is an decease and lack legal understanding regarding the transfer, sale, foreclosure of subject property. Matter of Board of Street Opening, 89 Hun 525, 526, 35 N.Y.S. 409; Walrath v. Abbott, 75 Hun 445, 451, 27 N.Y.S. 529.

**M. Inherent Power to Set Aside Judgment Not Void on Its Face but Void in Fact.** The law is settled that courts of record have inherent power to set aside a void judgment whether or not it is void on its face and the court which rendered a judgement or order may relieve a party pursuant to CPLR 1015 (a)(5) See (*Veta Brown v. HomeSales Inc* (2016). As described in further details, the service of the notice to quit was improper, depriving the court of jurisdiction. Furthermore, the Petitioner is filing this motion within a reasonable period of time within one year of learning of the existence of this notice of entry on or Around August 5, 2019. In Gecaj v. Gjonaj Realty & Management, Corp.,149 A.D.3d 600, 51 N.Y.S.3d 74 (1st Dep't 2017),

**N. Court Has Duty to Set Aside Judgment.** It is well settled that when an application to vacate and set aside a judgment that is not void on its face but void in fact is made within a reasonable time after its rendition and is based on a sufficient showing, it is within the power of the court, and its duty, to set it aside (*Smith v. Bratman* (1917) 174 Cal. 518, 520, 163 P. 892).

**The court should set aside the default and, if entered, default judgment in this action as void on its face because occupant was not given notice of their status and/or the registered owner was deceased of the time of in rem proceedings commencement.**

**O. Relief From Void Judgment or Order.** Even if Ms. Antonio is occupying the premises as a unleased/unauthorized occupant of New York City-owed in rem apartment building she is entitled to due process, the Supreme Court, New York County, Scheonfeld, J.,, held that unleased occupants of New York City -owned in rem apartment building had specific identifiable due process rights to evaluation by Department of Housing Preservation and Development under its unauthorized occupant policy prior to eviction. See Jacqueline Morillo, Natividad Abreu, Wingrove Carlos, Evelyn Rivera, and Constance Hagans, individually and on behalf of all other person similarly situated v. The City of New York Department of Housing Preservation and Development of the City of New York ;et al,.178 A.D. 2d 7, 582 N.Y.S. 2d 387.

**P. Inherent Power to Set Aside Judgment Void on Its Face.** A court has inherent power, independent of statute, to set aside a judgment or order that is void on its face it is a fact that Johnatan Dingle, registered owner of HDFC was not served with notice in City in rem foreclosure proceedings, since registered owner was deceased therefore order entered was "null and void". See U.S. Bank National Association v. Murillo, 2011 WL 6994159 (Sup.Ct., Nassau County; Dec. 15, 2011;Winslow, J.); (*People v. Greene* (1887). The court may, on motion of either party after notice to the other party, set aside any void judgment or order. Petitioner appease the court as to the fact that registered owner of the subject premises Jonathan Dingle was known to occupy the subject premises, prior to his death in 2015. (Code Civ. Proc. § 1505; 392.

**Q. Test for Establishing That Judgment Is Void on Its Face.** A judgment or order is void on its face when its invalidity appears from an examination of the judgment roll to Ms. Antonio surprise prior Landlord and Respondents are surprisingly working in concerted efforts to illegally vacate tenants from the building in order to obtain their third party transfer objective at the expense of others tenants. Respondent promises are of "magnitude, boldness and impressiveness" they Testify on record that they will relocate tenants upon complete renovation of building. See (the First Department Appellate Division) in Trapp v. American Trading and Production Corp., 66 A.D.2d 515, 414 N.Y.S.2d 11 (1979); Shouse v. Lyons, 4 A.D.3d 821, 772 N.Y.S.2d 177 (4th Dept., 2004). (*People v. Davis* (1904).

**R. Supreme Court can issue order to set aside as matter of Authority.** Assuming the Supreme Court abuse it discretion in specific regards to rendering a determination that Ms. Antonio is a squatter occupying City in rem foreclosure property and no evidence was introduced to support such determination. Its clear as the "blue skies" that Respondents request a writ of mandamus from the Supreme court since no answer or evidence was presented by any Petitioner, to challenge following papers: the in rem foreclosure summons, with the affidavit or proof of service; the complaint; entry of notice, affirmation in opposition with a memorandum endorsed thereon. On the authority of Giordano v. Loperfide, 203 App.Div. 164, 196 N.Y.S. 472, the court is constrained to hold that this occupant is not a squatter, and that the landlord must comply with the local laws which require him to obtain a certificate authorizing the institution of summary proceedings before applying to the court for an eviction. See Jacqueline Morillo, Natividad Abreu, Wingrove Carlos, Evelyn Rivera, and Constance Hagans, individually and on behalf of all other person similarly situated v. The City of New York Department of Housing Preservation and Development of the City of New York ;et al,.178 A.D. 2d 7, 582 N.Y.S. 2d 387

**The court should set aside order/decision due to Newly discovered evidence.**

**S. Motion to Quash Order/Decision as Constitutional Law.** On or before the last day of his or her time to plead, or within such further time as the court may for good cause allow, a petitioner may serve and file a notice of motion to quash order/decision on the ground the court abuse it's discretion in reasonable time (reversal, modification, or vacatur of prior paper) must be made within a reasonable time. The Court in Nash v. Port Authority of New York and New Jersey, 22 N.Y.3d 220, 225, 980 N.Y.S.2d 880, 884, 3 N.E.3d 1128, 1132 (2013; Pigott, J.); (Code Civ. Proc. § 418.10(a)(1)).

**T. Rent receipt introduce by respondent demonstrate she is not a squatter.** Evidence introduce indicate petition is not a squatter. Evidence introduce indicate Ms. Antonio did not cash the rent check herself as suggested by Respondent in their oral arguments in holdover proceedings. Upon examination of the handwriting upon all check cashed is clear that said signature does not match Ms. Antonio style of writing but is very similar to Bobby Wells signature introduce on an affidavit by Respondent in its conspired efforts to vacant the subject premises without adhering to proper procedure and laws. Bobby Wells cursive "e" on affidavit is very similar to scripted "e" on the check cashed according to the HRA records it appear all the checks were cashed by same handwriting at all times. (See 344 East 110 Street v. Doe, 212 N.Y.S 125 315 Misc. 917 (1925).

**U. Extra Ordinary Circumstance Necessary for not paying full rent amounts.** Prior to the death of Jonatan Dingle and at all times the subject property remained in despair in spite of efforts to repair fixtures, broiler, roof etc. At times Ms. Antonio contributed to major repair in her apartment and throughout the building. Ms. Antonio made several communication portion with HPD regarding broiler replacement and other needed repairs. Ms. Antonio maintained a fiduciary relationship with 1211 HDFC since she had a property interest at stake, common interest and standing community interest in the said property. Ms. Antonio existence does not provide negative impact upon subject property rather a positive one. Ms. Antonio and her family

currently occupy the premises in order to prevent the Respondent from creating another vacant building in our community and displacing another long-standing family without reason or rational. In addition Respondent's action formulate, rather a public policy issue "homelessness" due to eviction. *"Homeless Blood Bath"* NY Daily News, (Sunday, October 6, 2019).

**V. Newly Discovered Evidence Validate Standing to Challenge in rem foreclosure action.**
Petitioner prior unsigned leasing agreements should constitute rights to be protected. The general appearance after reviewing such document is that Jonathan Dingle registered owner of 1211 HDFC, and prior tenant of apartment 4N did not signed lease upon pending approval from members of HDFC to purchase unit and be issued a subsequent sole propriety lease. Jonathan Dingle was decease at the time of in rem foreclosure proceeding. Additionally, Bob Wells held himself out as Landlord upon death of Jonathan Dingle to collect rent and issue lease of subject premises. Petitioner was prevented from presenting any evidence prior a court due to intimidation from prior Landlord. In that he issued a unsigned lease stamp similar to unsigned lease delivered prior and dated which I was given permission to complete the top portion . On the authority of Giordano v. Loperfide, 203 App.Div. 164, 196 N.Y.S. 472, the court is constrained to hold that this occupant is not a squatter, and that the landlord must comply with the local laws which require him to obtain a certificate authorizing the institution of summary proceedings before applying to the court for an eviction. The court has inherent discretionary power to vacate an order or judgment in the interests of substantial justice. See Tamimi v. Tamimi, 38 A.D.2d 197,328 N.Y.S.2d 477 (2d Dept., 1972). See Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 760 N.Y.S.2d 727, 790 N.E.2d 1156 (2003; Rosenblatt, J.).

### THE NEW STANDARD PLAIN LANGUAGE APARTMENT LEASE
PUBLISHED AND PRINTED BY
TANNEN'S - 363 East 149th St., Bronx, N.Y.
1978 COPYRIGHTED BY M.E. TANNEN
Adopted By New York Realty Owners Association

**This Agreement**

1211 Washington Avenue
H.D.F.C.
1211 Washington Avenue
Bronx, N.Y. 10456

between _____ Made this 7th day of December _____ as Landlord

and Kallijoch Antonio _____ as Tenant

2019 AUG 16 AM 10: 18

in which it is agreed as follows:

1. The landlord has leased to the tenant apartment no. 4N consisting of 5 rooms on the 4th floor of the building located at 1211 Washington Ave Bronx NY 10456 City and State of New York, for a TERM of 1 year beginning 12/7/14 and ending 12/7/15 at the ANNUAL RENT of $ 15,000 payable in equal monthly installments of $ 1250.00 in advance on the 7th day of each month at the office of the landlord, without prior notice or demand.

2. RENTED "AS IS": The tenant has inspected the apartment and the building in which it is located and is taking same "as is". No promise or representation has been made by the landlord concerning the condition of the apartment which is not written in this lease.

3. FAILURE TO GIVE POSSESSION: The landlord shall not be liable to the tenant for damages and the lease shall not be impaired if the landlord shall be unable to give possession of the apartment on the date fixed for the commencement of the term.

4. OCCUPANTS AND USE: The apartment may only be used and occupied for dwelling purposes by the named tenant or tenants and immediate family at the time of the signing of this lease. Tenant will not allow the apartment to be occupied by any roomer or boarder and will not sublet the apartment or any part thereof nor assign this lease, except as permitted by Section 226b of the Real Property Law. The apartment shall not be used as a boarding or lodging house, nor for a school, nor to give lessons in music or singing. Tenant shall not expose any signs in the windows or door of the apartment.

5. FIRE OR ANY CASUALTY: The tenant shall not use the apartment in any manner or for any purpose which will adversely affect the fire insurance or increase the rate. In case of fire the tenant shall give immediate notice of such occurrence to the landlord who shall cause the premises to be repaired within a reasonable time, subject to any delays due to adjustment of insurance claims, labor troubles or any cause not under landlord's control, and there shall not be any abatement of rent. If, however, the building shall be damaged by fire, accident or other casualty to such an extent that the landlord shall, in the exercise of discretion, decide to demolish the building or to substantially rebuild it, the landlord may give thirty (30) days' notice in writing to the tenant that the landlord has decided to cancel this lease. If the fire, accident or other casualty shall have been caused by any act of the tenant or failure of the tenant to act, the cost of any required repairs shall be repaid by the tenant to the landlord as additional rent.

6. REPAIRS: The tenant shall make all repairs to the apartment which shall result from misuse or neglect. The tenant shall repay to the landlord, as additional rent, the cost of repairing any damage to the apartment or building caused by the tenant, any member of tenant's family, occupant or guest or the cost of the removal of any violation caused to be recorded against the apartment or building by the willful act or neglect of the tenant, any member of tenant's family, occupant or guest.

7. ACCESS BY LANDLORD: The landlord, its agents and employees, mechanics and artisans shall be permitted to enter the apartment at all reasonable hours for the purpose of examining same, making repairs, exhibiting same to prospective tenants, any mortgagee or prospective mortgagee or representative or any other person for a reasonable purpose.

8. FEES AND EXPENSES: If the tenant shall fail to pay the rent or any item of additional rent when due or shall otherwise fail to obey any agreement, promise or perform any duty and the landlord shall be required to spend any money or become obligated to expend any money, including but not limited to attorneys fees in prosecuting any action or proceeding, including a summary proceeding against the tenant or in bringing any action against a person not a party to this lease, or in defending any action or proceeding brought by a person not a party to this lease, such expense shall be deemed additional rent. Landlord may enforce the payment of any item of additional rent by a summary proceedings.

9. SURVIVAL OF CLAIM: That the obligation of tenant to pay rent or additional rent or any other charge shall continue after the entry of a final judgment and the issuance of a warrant of eviction in summary proceedings.

10. SUBORDINATION: Any lease of the land on which the building in which this apartment is contained and any mortgage of land and buildings, or both, which is presently in effect or which may be made after this lease is signed or any extensions, replacements, consolidations, modifications of such leases and mortgages shall have priority and, in accordance with the provisions stated in such instruments, the landlord may terminate this lease, despite the date stated to be the ending date. This provision of the lease shall be operative without any further action and the tenant shall be required to sign any certificate the landlord may tender to the tenant confirming such priority.

11. ABANDONMENT: Any removal by the tenant of the furniture and furnishings in the apartment or a substantial part thereof or any other act by the tenant which might suggest that the tenant has vacated the apartment shall be deemed an abandonment of the

Law.

(1) Landlord may have proper cause to apply to the Division of Housing and Community Renewal (DHCR) for assistance. If Landlord does apply and is found to be entitled to an increase in rent or other aid, the Landlord and Tenant agree:

    (a) To be bound by the determination of the DHCR.,
    (b) Tenant will pay any rent increase in the manner set by the DHCR,
    (c) Despite anything contained in Subdivisions a and b, it is agreed in the event that an order is issued increasing the stabilization rent because of Landlord hardship, the Tenant may, within 30 days of receipt of a copy of the DHCR order, cancel this Lease on 60 days written notice to the Landlord. During the period prior to vacating, the cancelling Tenant may continue in occupancy at no increase in rent.

(2) The rent provided for in this Lease may be increased or decreased retroactively to the commencement of the Lease to conform to the lawful Rent Guidelines or any changes in the Guidelines which apply to this Lease as issued by the New York City Rent Guidelines Board.

(3) This Lease and all riders shall continue in full force and effect, and except as modified above, shall in no way be affected by this Paragraph.

IN WITNESS WHEREOF, Landlord and Tenant have respectively signed and sealed this lease as of the day and year first above written.

1211 Washington Avenue
_____ L.S.
Witness to Landlord's Signature

_____
Witness to Tenant's Signature

1211 Washington Avenue
H.D.F.C. _____ L.S.
12'' Washington Avenue    Landlord
By _____ L.S.
Bronx, N.Y. 10456         Agent

_____ L.S.
                          Tenant

_____ L.S.
                          Tenant

---

**Lease of Apartment**

1211 Washington Avenue
H.D.F.C.
1211 Washington Avenue
Bronx, N.Y. 10456

To

Tenant.

1211 Washington Avenue
H.D.F.C.
1211 Washington Avenue
Bronx, N.Y. 10456

Landlord.

APARTMENT LEASE: —
Published by TANNEN's • 348 E. 149th St., Bronx, N.Y. 10455

Building: 1211 Washington Avenue H.D.F.C. Bronx, N.Y. 10456
Apartment: 4N on 4th floor
Term: 1 year
Expires: December 7th 2015
Rent $ 1250.00 annum $ 15,000.00 month
1211 Washington Avenue H.D.F.C. Bronx, N.Y. 10456