UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALLIJACH ANTONIO,

                Plaintiff,

-against-

NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, et al.,

                Defendants.

19-CV-11084 (CM)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but her responses do not establish that she is unable to pay the filing fees. Plaintiff indicates that she is not employed, but she fails to answer the questions concerning her income and financial situation. Because Plaintiff fails to supply sufficient information about her income, expenses, and any assets she may have, the Court is unable to conclude that she lacks sufficient funds to pay the relevant fees for this action.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 19-CV-11084 (CM), and address the deficiencies indicated above by providing facts establishing that she is unable to pay the relevant fees. Plaintiff must answer each question on the IFP application, state all sources of income and all monthly expenses, and describe how she is able to support herself and her dependents. If the

Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: January 24, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge