```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KALLIJACH ANTONIO,<br><br>                     Plaintiff,<br><br>               -against-<br><br>NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION, et al.,<br><br>                     Defendants. | 19-CV-11084 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her rights by evicting her from her apartment. By order dated March 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff initially filed her complaint against the Neighborhood Restore Housing Development Fund Corporation (Neighborhood Restore); "Sandra Ericson LLC," identified as the owner of Plaintiff's building; and the New York City Department of Housing Preservation and Development (HPD). She then filed an amended complaint naming as Defendants the City of New York; Louise Carrol, the Commissioner of HPD; Neighborhood Restore; and Sandra Ericson Realty LLC. But Plaintiff's amended complaint fails to provide detailed facts concerning the events giving rise to her claims; rather, the amended complaint argues that New York's "Unauthorized Occupancy Laws (UOP)" are unconstitutional. (ECF No. 5, at 2). The Court therefore will treat the two complaints (ECF Nos. 2, 5) as the operative complaint for this action.

The following facts are taken from the initial pleading. Plaintiff occupied an apartment in a City-sponsored HDFC building before the building was transferred on September 5, 2018, to Defendant Neighborhood Restore in a tax delinquent sale for $1.00. Sometime after the sale, eviction proceedings were brought against Plaintiff, and on June 3, 2019, state-court Judge Barbato issued a decision deeming Plaintiff a squatter. Plaintiff filed a bankruptcy action in an attempt to stop the eviction, to no avail. On November 22, 2019, the City Marshal evicted Plaintiff from her apartment where she had resided for over six years.

Plaintiff contends that Judge Barbato's decision in the eviction proceedings were "fixed in order to vacate [the] building to gain [Defendants'] third party goal without protecting the rights of [Plaintiff]." (*Id.* at 6.) She asserts that Defendants used "promises and deceptive practices against [her] at all times," and deprived her of "reasonable accommodation" by displacing her and her minor child, who was also living in the apartment. (*Id.*) Plaintiff also contends that Judge Barbato deemed her a squatter "without any evidence introduce to such matter."[1] (*Id.* at 5.)

Plaintiff's amended complaint makes legal arguments challenging the constitutionality of UOP laws and the City's *in rem* foreclosure program. Plaintiff contends that the City's *in rem* procedures violate due process because HPD could evict her and her minor child without an evaluation to determine whether they were entitled to a "special housing opportunity." (ECF No. 5, at 2.) Plaintiff further asserts that Defendants violated the Equal Protection Clause of the

---

[1] According to public records, Plaintiff brought an Article 78 proceeding in New York State Supreme Court, Bronx County, against HPD while the eviction proceedings were pending. *See Antonio v. Hous. Preservation Dep't*, No. 260369/2018 (N.Y. Sup. Ct. May 24, 2019).

Plaintiff indicates that she appealed Judge Barbato's determination, and received a decision on October 9, 2019, which stated that the unidentified state-court was bound by Judge Barbato's decision. It is unclear whether the appeal she refers to was actually the Article 78 proceeding in Bronx County Supreme Court.

Fourteenth Amendment when evicting tenants by treating "tenants authorized to leasehold" differently than "non tenant occupant[s]." (*Id*.) Plaintiff seems to suggest that this distinction has led to Defendants "relocating some occupants living in City *in rem* foreclosure building while moving to evict [her] and her minor child." (*Id*. at 7.) Plaintiff further argues that Defendants have deprived her of her right to possess property without compensation in violation of the Takings Clause of the Constitution. She also reflects on the policies underlying UOP laws, asserting that UOP laws fail to meet HPD's goal of providing relief to low-income populations. Throughout her amended complaint, Plaintiff references a patchwork of state and city laws governing rent control and rent stabilization, suggesting that these laws were used to unlawfully evict her.

Plaintiff brings this action asking the Court to "[i]ssue a[n] emergency order restraining defendant[s] from further removal of [her] possession[s] and award any further relief deem appropriate to avoid homelessness of working family with minor child enrolled in local community school." (ECF No. 2, at 6.) Plaintiff also seeks the following relief: (1) a declaration that UOP laws are unconstitutional; (2) a declaration that HPD's procedure to evict tenants without a housing evaluation amounts to "a physical taking of private property for public use that requires the payment of just compensation"; (3) a declaration that "the eviction of occupant residing in City in rem foreclosure [buildings] without determination to leasehold effect a regulatory taking of private property," without just compensation; (4) to enjoin Defendants' "patterns of conducting business and unlawful physical taking of private property"; and (5) to enjoin the City's "unauthorized" eviction of tenants before making the appropriate evaluations. (ECF No. 5, at 8.)

# DISCUSSION

## A.  *Rooker-Feldman* Doctrine

Plaintiff brings this action alleging that Defendants violated her rights by evicting her from her apartment after procuring an eviction judgment against her in state court. To the extent that Plaintiff challenges the outcome of the eviction proceedings, her claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Federal courts dismiss claims under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 291-92.

Here, Plaintiff lost in state court, and the state-court judgment was entered before this action commenced. Plaintiff essentially requests that the state-court judgment be vacated by restoring her right to rent her apartment. Plaintiff is therefore asking this Court to "sit in review of the state-court judgment," *Vossbrinck*, 773 F.3d at 427, which the *Rooker-Feldman* doctrine prohibits. Because Plaintiff brings this action seeking to undo the state-court eviction judgment and repossess her apartment, her claims are inextricably intertwined with the state-court

judgment against her. The Court therefore lacks subject matter jurisdiction under the *Rooker Feldman* doctrine to review or vacate the state-court decision and award the relief that Plaintiff seeks.

**B.      Section 1983 Claims**

Even if Plaintiff's claims were not precluded by *Rooker-Feldman*, they must still be dismissed. Plaintiff challenges the constitutionality of Defendants' actions under 42 U.S.C. § 1983, contending that the City of New York's *in rem* foreclosure program and UOP laws – which she claims led to her eviction – violate due process and equal protection, and constitute an unlawful taking of property.[2] But Plaintiff fails to state a claim under § 1983 against Defendants.

**1.      Defendants' Liability**

*a.  Neighborhood Restore and Sandra Erickson Realty LLC*

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties, such as Neighborhood Restore and Sandra Erickson Realty, are generally not liable under § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But a private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity

---

[2] Plaintiff references a pending action in the United States District Court for the Eastern District of New York, *Cmty. Hous. Improvement Program v. City of New York*, No. 19-CV-4087 (EK) (RLM) (filed July15, 2019). The action, filed by several New York City real estate groups and property owners, challenges the constitutionality of rent control and rent stabilization laws, particularly the New York State 2019 Amendments. Plaintiff references many of the same arguments contained in the EDNY complaint and cites to the same rent control and rent stabilization laws, referring to them as UOP laws.

willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

Here, although Plaintiff refers to Neighborhood Restore and Sandra Erickson Realty LLC as agents of HPD (ECF No. 5, at 8), she does not allege any facts suggesting that they took any action that can be attributed to this entity. Rather, the facts alleged indicate that these defendants acted on their own, separate from HDP. Plaintiff therefore fails to state a claim against these defendants under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

### b. City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff asserts that the City of New York violated her rights when HPD evicted her from the apartment.[3] But she does not allege that a policy, custom, or practice of the City of New York caused a deprivation of her federally protected rights.[4] Plaintiff therefore fails to state a claim against the City of New York on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

   c. *Commissioner Louise Carrol of HPD*

To state a claim under § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

Here, Plaintiff names Commissioner Carrol as a defendant, but fails to allege any facts suggesting that she was involved personally in violating any of Plaintiff's rights. Rather, it appears that Plaintiff names this defendant because she is the Commissioner of HDP. As she

---

[3] Plaintiff cannot bring this action directly against HPD because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

[4] Plaintiff does not specify HPD's role in her eviction. She alleges that the City sold her building to Neighborhood Restore prior to her eviction, suggesting that either Neighborhood Restore or Sandra Erickson Realty LLC – allegedly the owner of the building – initiated the eviction proceedings against Plaintiff. Yet, Plaintiff seeks to also hold HPD responsible for her eviction.

cannot seek relief against a defendant solely because of her supervisory role, Plaintiff has failed to state any claims for relief against Commissioner Carrol, and her claims against this Defendant must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## 2. Constitutional Claims

Although Plaintiff fails to allege facts suggesting that any defendant should be held liable under § 1983, in an abundance of caution, the Court considers whether the facts alleged suggest a constitutional violation

### a. Due Process

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Where the government deprives a plaintiff of some interest pursuant to an established procedure, due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe*, 644 F.3d at 158.

To the extent Plaintiff is asserting a due process claim concerning her eviction that is not inextricably intertwined with the state-court eviction judgment – and thus barred by *Rooker-Feldman* – such a claim fails. First, as a squatter, which the state court deemed Plaintiff in the eviction proceedings – she has no legal right to reside in the apartment, and therefore cannot assert a cognizable property interest in the continued occupancy of the apartment that would implicate due process. *See, e.g.*, *Walls v. Giuliani*, 916 F. Supp. 214, 218 (E.D.N.Y. 1996)

9

(noting that New York law "does not confer any property interest on squatters"); *De Villar v. City of New York*, 628 F. Supp. 80, 83 (S.D.N.Y. 1986) (noting that "Plaintiffs were trespassers, squatters, and illegal occupants of the building [and][t]hey had no constitutional property interest in the apartments they occupied"); *see also Gill v. City of New York.*, No. 15-CV-5513, 2017 WL 1097080, at *6, (E.D.N.Y. Mar. 23, 2017) (noting that "'squatters' claims under Section 1983 are routinely rejected by courts in the Second circuit" (collecting cases)).

Second, even if Plaintiff had a property interest that implicated due process, the state-court eviction action provided her with an adequate remedy to challenge the eviction. Predeprivation proceedings in state court generally provide adequate process, and a plaintiff evicted pursuant to such proceedings cannot allege that she was deprived of her property without due process. *See, e.g.*, *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 324 (S.D.N.Y. 2012) (noting that a warrant of eviction will issue "only after lengthy state court proceedings in which [a plaintiff is] given ample opportunity to contest . . . the legality of his eviction"); *see also Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *12 (E.D.N.Y. Aug. 28, 2013) (availability of range of process under New York law to challenge eviction "more than protect[s] against an erroneous deprivation"). In addition, Plaintiff sought further relief in an Article 78 proceeding that provided adequate due process. *See Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) (concluding that an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes").Thus, Plaintiff's claim that Defendants violated her due process rights in evicting her must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. **Equal Protection**

Plaintiff further asserts that Defendants violated her equal protection rights under § 1983, but she fails to state such a claim.

To state an equal protection claim, a plaintiff must allege that she is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, gender, alienage, or national origin, *see Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998). The plaintiff must also allege facts showing that the defendants have purposefully discriminated against the plaintiff because of her membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676, *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)); *Giano*, 54 F.3d at 1057. "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Turkmen*, 789 F.3d at 252 (quoting *Iqbal*, 556 U.S. at 676-77) (internal quotation marks and citations omitted, alterations in original).

Plaintiff does not allege any facts suggesting that Defendants commenced eviction proceedings or took any other adverse action against her because of her membership in a protected class or that she was treated differently from similarly situated people. Her assertion that Defendants pursued eviction proceedings against her because she did not have a valid lease but did not seek to evict those with leases, do not implicate the Equal Protection Clause. Plaintiff therefore fails to state an equal protection claim under the Fourteenth Amendment, and the claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    *c. Takings Claim*

Similarly, Plaintiff fails to assert a claim under the Takings Clause of the Fifth Amendment. The Takings Clause, which is applicable to the states through the Fourteenth Amendment, states that no "private property [shall] be taken for public use, without just compensation." U.S. CONST. amend. V. "[A] property owner has a claim for a violation of the

Takings Clause as soon as a government takes his property for public use without paying for it." *Knick v. Township of Scott, PA*, 139 S. Ct. 2162, 2170 (2019) (holding that *Williamson Cnty. Reg. Planning Comm. v. Hamilton Bank*, which required property owners to exhaust state court remedies to ripen federal takings claims, was overruled.). The Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner. *Id.* (relying on *Jacobs v. United States*, 290 U.S. 13 (1933) (holding that property owner found to have a valid takings claim is entitled to compensation as if it had been "paid contemporaneously with the taking")).

Plaintiff fails to allege any facts suggesting that she has a cognizable property interest that was extinguished. She asserts that she deemed a squatter and then was evicted from her apartment . Because Plaintiff cannot allege that she had a property interest in the apartment at the time of her eviction, she fails to state a claim under the Takings Clause of the Fifth Amendment.

## C.     Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's pleadings cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court consolidates Plaintiff's original and amended complaints (ECF Nos. 2, 5) and treats them as the operative complaint. The Court dismisses this action under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction, *see* Fed. Civ. P. 12(h)(3), and for failure

to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to terminate all other pending matters.

This order is to be mailed in chambers.

SO ORDERED.

Dated: April 8, 2020
       New York, New York

                                                Louis L. Stanton
                                                U.S.D.J.